|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **EASTERN DISTRICT OF CALIFORNIA** | |
| JESSE WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. ROUCH, et al.,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:15-cv-00725-DAD-BAM (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY<br>(ECF No. 27)<br><br>ORDER REGARDING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 30) |

Plaintiff Jesse Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs against Defendants Rouch and Sisodia. This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion to compel further responses to Defendant Roche's First Set of Interrogatories, Defendant Sisodia's First Set of Interrogatories, and Defendants' First Set of Request for Production of Documents, filed on May 4, 2017. (ECF No. 27.) Plaintiff filed an opposition with proof of service dated May 21, 2017, which was entered by the Clerk of the Court on June 2, 2017. (ECF No. 28.) Defendants filed a reply in support of their motion on June 8, 2017. (ECF No. 29.) Defendants' motion to compel is deemed submitted. Local Rule 230(l).

1

**I.      Meet and Confer Requirement**

As a threshold issue, Plaintiff asserts that Defendants failed to make a good faith effort to inquire and resolve this discovery concern prior to filing the instant motion to compel, as required under Federal Rule of Civil Procedure 37. (ECF No. 28, at p. 8.) As discussed in the Court's discovery and scheduling order issued on November 21, 2016 in this case, the Court has relieved the parties of the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve a discovery dispute prior to filing a motion to compel. (ECF No. 21, at p. 2 ¶ 4.) Thus, although voluntary compliance with this provision of Rules 26 and 37 is encouraged, and the Court retains the discretion to re-impose a good faith meet and confer requirement, generally no meet and confer is required prior to filing a motion to compel. Also, in this case the Court does not find it necessary to require any meet and confer regarding the subject motion. Thus, the Court will consider the merits of this motion to compel.

**II.     Motion to Compel Responses to Interrogatories**

**A.      Standard**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**B.      Discussion**

On February 15, 2017, Defendants served Plaintiff with Defendant Rouch's First Set of Interrogatories and Defendant Sisodia's First Set of Interrogatories. Plaintiff served responses on

March 21, 2017. (ECF No. 28, Exs. 1 & 2.) Defendants now seek to compel further responses to Defendant Rouch's Interrogatory Nos. 7, 8, and 14, and Defendant Sisodia's Interrogatory Nos. 3, 5, 7, 8, and 11.

**Defendant Rouch's Interrogatory No. 7:**

State each and every fact in support of YOUR contention that DEFENDANT Rouch was deliberately indifferent to a serious medical need.

**Response:**

See Plaintiff's complaint at Nos. 10-15.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. Under Federal Rule of Civil Procedure 37, a party propounding discovery may seek an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). "Complete and accurate responses to discovery are required for the proper functioning of our system of justice ... [and] parties have a duty to provide true, explicit, responsive, complete and candid answers to discovery . . . ." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 609–610 (D. Neb. 2001) (citations omitted). "Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." Id. at 610.

Here, Plaintiff asserts that the amended complaint contains facts responsive to this interrogatory. Plaintiff also argues that the amended complaint explains his claim in detail, and that he should not have to rewrite the same facts in response to the interrogatories.

Defendants argue that it is not clear whether the amended complaint contains all supporting facts regarding the complaint allegations, as requested in the interrogatory. Further, the Court finds that Plaintiff's opposition is not clear on the completeness of his response, although he does state that he has no other documents or names of anyone that can testify to the facts of his claim.

Accordingly, Plaintiff must supplement this response with any additional facts that support his contention, or must confirm in writing to Defendants that there are no additional facts, to his knowledge.

**Defendant Roche's Interrogatory No. 8:**

If YOU contend DEFENDANT Rouch interfered with or otherwise prevented YOU from getting sufficient medical care for any serious medical condition, state each and every fact in support of YOUR contention.

**Response:**

See Plaintiff's complaint at Nos. 10-15.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted, for the same reasons stated above regarding Defendant Roche's Interrogatory No. 7. Plaintiff must supplement this response with any additional facts that support his contention, or must confirm in writing that there are no additional facts, to his knowledge.

**Defendant Roche's Interrogatory No. 14:**

State each and every fact in support of YOUR contention that YOU have suffered injuries or complaints described in response to Interrogatory No. 13, including any description of any medical care YOU have received and the dates of such medical treatment, as a result of the actions of DEFENDANT Rouch.

**Response:**

See Plaintiff's amended complaint; Plaintiff's prison medical files dated 01/17/2013 through 02/28/2017.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. Plaintiff argues that defense counsel has been authorized to review all of his medical files, and Defendants have a copy of the amended complaint, which both contain information about his injuries. A party may respond to an interrogatory by producing documents containing information responsive to the request. However, as explained above, Defendant Rouch is entitled to a complete response to the interrogatory. It is not clear whether Plaintiff has any additional facts to provide here other than what is in the documents.

Further, Defendants object to broad responses that do not specifically identify what documents that Plaintiff believes describe the medical care he received as a result of Defendant Rouch's actions,

4

as requested in this interrogatory. Defendants further object that for Plaintiff to identify several years of medical records without any direction as to which documents are responsive to this particular interrogatory is unduly burdensome and non-responsive, because it requires them to determine what records that Plaintiff is relying upon.

Defendants' objections are sustained. A party is entitled to individualized, complete responses to each discovery request, and generalized responses that do not specifically indicate whether all responsive documents to a particular discovery request have been produced are insufficient. See Louen v. Twedt, 236 F.R.D. 502, 504-505 (E.D. Cal. 2006). The interrogatory at issue here does not ask for Plaintiff's full medical history over a four-year period, but rather asks what specific medical care that Plaintiff contends he has received as a result of Defendant Rouche's actions, including a description and dates. Plaintiff must identify which specific records respond to that request. Thus, to the extent Plaintiff references documents that have been produced or that are equally available to Defendants, he must indicate the specific documents that he cites in response to this interrogatory.

Accordingly, Plaintiff is ordered to supplement his response by identifying which documents from his prison medical file specifically respond to this interrogatory. Plaintiff must also provide any additional responsive facts not found in the documents he references, or confirm in writing that there are no additional facts, to his knowledge.

**Defendant Sisodia's Interrogatory No. 3:**

Identify each and every serious medical condition for which YOU contend DEFENDANT Sisodia failed to provide sufficient medical care.

**Response:**

Orthopedic foot condition, foot pains, mental and emotional suffering.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is denied. Contrary to Defendants' contention, Plaintiff did not merely reference the amended complaint here, but gave a factual response. Plaintiff contends that he gave his non-medical opinion here, identifying his serious medical conditions as requested, in layman's terms and to the best of his abilities. Defendants have not shown that this interrogatory response is insufficient or incomplete.

**Defendant Sisodia's Interrogatory No. 5:**

For each and every serious medical condition YOU contend YOU suffered from, as identified in response to Interrogatory No. 3, state each and every fact in support of YOUR contention that DEFENDANT Sisodia failed to provide sufficient medical care.

**Response:**

See Plaintiff's amended complaint, Claim II, Nos. 1-12.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. As discussed above, Plaintiff must supplement this reference to his amended complaint with any additional facts that support his contention, or confirm in writing that there are no additional facts, to his knowledge.

**Defendant Sisodia's Interrogatory No. 7:**

State each and every fact in support of YOUR contention that DEFENDANT Sisodia was deliberately indifferent to a serious medical need.

**Response:**

See Plaintiff's amended complaint at Nos. 1-12.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. As discussed above, Plaintiff must supplement this reference to his amended complaint with any additional facts that support his contention, or confirm in writing that there are no additional facts, to his knowledge.

**Defendant Sisodia's Interrogatory No. 8:**

If YOU contend DEFENDANT Sisodia interfered with or otherwise prevented YOU from getting sufficient medical care for any serious medical condition, state each and every fact in support of YOUR contention.

**Response:**

See Plaintiff's amended complaint at Nos. 3-9.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. For the reasons discussed above, Plaintiff must supplement this reference to his amended complaint with any

additional facts that support his contention, or confirm in writing that there are no additional facts, to his knowledge.

**Defendant Sisodia's Interrogatory No. 11:**

State each and every fact in support of YOUR contention that YOU have suffered the injuries or complaints described in response to Interrogatory No. 10, including a description of any medical care YOU have received and the dates of such medical treatment, as a result of the actions of DEFENDANT Sisodia.

**Response:**

See Plaintiff's amended complaint; Plaintiff's prison medical files dated 01/17/2013 through 02/28/2017.

**Ruling:**

Defendants' motion to compel a response to this interrogatory is granted. As discussed above, Plaintiff may reference such documents, but must supplement the reference with any additional facts that support his contention, or confirm whether there are no additional facts, to his knowledge. Also, Plaintiff must supplement his response by identifying which documents from his prison medical file specifically respond to this interrogatory.

**III. Motion to Compel Responses to Requests for Production of Documents**

**A. Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

**B. Discussion**

On February 15, 2017, Defendants served Plaintiff with Defendants' First Set of Requests for Production of Documents. Plaintiff served responses on March 21, 2017. (ECF No. 28, Ex. 3.) Defendants now seek to compel further responses to Defendants' Requests for Production of Documents Nos. 1-7.

///

**POD 1**:

All DOCUMENTS that support your claim that Defendants Rouch and Sisodia violated your constitutional rights as alleged in your Complaint.

**Response**:

See Plaintiff's discovery documents sent to Defendants on January 26, 2017. CDCR – comprehensive recommendation chronos, Plaintiff's prison medical files dated January 1, 2011 through January 30, 2017.

**Ruling**:

Defendants' motion to compel a further response to POD 1 is denied. Defendants assert that Plaintiff has failed to indicate which documents he produced correspond to which Defendant and which claim. However, Defendants' broad request does not require Plaintiff to separate the documents by Defendant or claim. Defendants have not shown that Plaintiff's response is insufficient or improper here.

**POD 2**:

All DOCUMENTS evidencing, referring to, or relating to the medical care or treatment you received for the conditions alleged in your Complaint.

**Response**:

See Request No. 1 (above).

**Ruling**:

Defendants' motion to compel a further response to POD 2 is granted. Defendants argue that Plaintiff's response citing six years of medical records does not respond to their request for distinct information about the medical care received for the conditions alleged in his amended complaint.

As discussed above, Defendants are entitled to an individualized response that indicates which responsive documents are produced in response to this specific request. See Louen, 236 F.R.D. at 504-505. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

*///*

*///*

8

**POD 3**:

All DOCUMENTS evidencing, referring to, or relating to each and every serious medical condition you contend you suffered from on the date that Defendant Rouch changed your treatment as alleged in your Complaint.

**Response**:

See Request No. 1 (above).

**Ruling**:

Defendants' motion to compel a further response to POD 3 is granted, for the same reasons discussed above regarding POD 2. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

**POD 4**:

All DOCUMENTS evidencing, referring to, or relating to each and every serious medical condition you contend you suffered from on the date that Defendant Sisodia changed your treatment as alleged in your Complaint.

**Response**:

See Request No.1 (above).

**Ruling**;

Defendants' motion to compel a further response to POD 4 is granted, for the same reasons discussed above regarding POD 2. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

**POD 5**:

All DOCUMENTS evidencing, referring to, or relating to any injury or complaint (whether physical, emotional, mental or psychological) that you claim you sustained or suffered as a result of the actions of Defendants Rouch and Sisodia as set forth in your Complaint.

**Response**:

See Request No. 1 (above). Plaintiff's prison central files and medical mental health files.

///

///

**Ruling**:

Defendants' motion to compel a further response to POD 5 is granted, for the same reasons discussed above regarding POD 2. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

**POD 6**:

All DOCUMENTS evidencing, relating to, or referring to any injury or complaint that you claim you still have today that relate to the actions of Defendants Rouch and Sisodia.

**Response**:

See Request No. 1 (above).

**Ruling**:

Defendants' motion to compel a further response to POD 6 is granted, for the same reasons discussed above regarding POD 2. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

**POD 7**:

All DOCUMENTS supporting your contention that you are entitled to punitive damages from Defendants Rouch and Sisodia as alleged in your Complaint.

**Response**:

1) See Plaintiff's CDCR-602 Inmate/Parolee forms Log # CSP-Cor-12-07963, Log # COR-HC-14055436.

2) Plaintiff's prison medical and central files.

**Ruling**:

Defendants' motion to compel a further response to POD 7 is granted, for the same reasons discussed above regarding POD 2. Plaintiff has given a specific response regarding the CDCR 0602 documents he contends support his claim for punitive damages, but has given a generalized, vague and non-responsive answer with regards to his prison medical and central files. Accordingly, Plaintiff is ordered to supplement his response by identifying which documents specifically respond to this request.

///

**IV. Defendants' Motion to Modify Discovery and Scheduling Order**

On September 7, 2017, Defendants filed a motion to modify the discovery and scheduling order, requesting an extension of the dispositive motion deadline from when the Court rules on their motion to compel. (ECF No. 30.) Defense counsel declares in support that the extension is necessary to allow Defendants to receive, review and evaluate Plaintiff's supplemental responses. Defendants seek an extension of sixty days.

Good cause being shown, Defendants' motion is granted, and the deadline for filing dispositive motions shall be extended until December 15, 2017.

**V. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel discovery responses is granted in part and denied in part as detailed above;

2. Within **thirty (30) days** following service of this order, Plaintiff shall serve Defendants with supplemental responses to Defendant Rouch's Interrogatory Nos. 7, 8 and 14, Defendant Sisodia's Interrogatory Nos. 5, 7, 8 and 11, and Defendants' Requests for Production of Documents 2-7, as detailed above;

3. Defendants' motion to modify the discovery and scheduling order is granted;

4. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended to **December 15, 2017**; and

5. If Plaintiff fails to comply with this order, Defendants are not precluded from seeking appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

IT IS SO ORDERED.

Dated: **September 14, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE